UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Paul Dennis Warnert, | Case No. 14-cv-0256 (WMW/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Scott County Sheriff's Department, et al., | |
| Defendants. | |

---

This matter is before the Court on United States Magistrate Judge Janie S. Mayeron's April 14, 2016 Report and Recommendation ("R&R"), which recommends the dismissal of this case for lack of prosecution. (Dkt. 4.) For the reasons addressed below, the Court adopts as modified the R&R and dismisses this case without prejudice.

## BACKGROUND

Plaintiff Paul Dennis Warnert commenced this civil rights action on January 27, 2014 by filing a complaint. (Dkt. 1.) No further action occurred in this case for more than two years. On March 17, 2016, the magistrate judge issued an order directing Warnert to do one of the following: (1) notify defense counsel immediately that he or she is required to make an appearance or move for an extension of time to do so, (2) file an application for entry of default unless the required pleading is filed within 10 days, or (3) advise the Court in writing of any good cause contrary to the foregoing requirements. (Dkt. 3.) The March 17, 2016 Order also advised Warnert that the Court would dismiss

this case for lack of prosecution if he did not comply with the order within 20 days. The Court received no response to the March 17, 2016 Order. On April 14, 2016, the magistrate judge issued an R&R recommending the dismissal of this case for lack of prosecution. (Dkt. 4.) No objections were filed in the time allotted.

## ANALYSIS

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." LR 72.2(b)(1). The district court reviews de novo that portion of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). Although a district judge is not *required* to review an R&R de novo if no objections are filed, the district court is not precluded from reviewing an R&R "*sua sponte* . . . under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (observing that a "district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment"); *accord Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 n.3 (8th Cir. 2015).

If a plaintiff fails to prosecute a case, the district court, in its discretion, may dismiss the case *sua sponte* pursuant to Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962); *see also Grunewald v. Mo. Pac. R.R. Co.*, 331 F.2d 983, 985-86 (8th Cir. 1964) ("It is well settled, of course, that a federal court has inherent power to dismiss a civil case for want of prosecution."). Here, since filing his complaint more than two years ago, Warnert has taken no action in this matter. He did not respond to the magistrate judge's March 17, 2016 Order or the magistrate

judge's R&R.  Therefore, the Court adopts the magistrate judge's R&R to the extent that it recommends dismissing this case for lack of prosecution, and the Court clarifies that it does so pursuant to Federal Rule of Civil Procedure 41(b).

The R&R is modified, however, to address whether Warnert's complaint should be dismissed with prejudice.  Dismissal for lack of prosecution "operates as an adjudication on the merits" unless the dismissal order states otherwise.  Fed. R. Civ. P. 41(b).  However, "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).  This legal standard requires a district court to find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily."  *Id.* (internal quotation marks omitted).  Not every failure to comply with a court order justifies the extinction of a litigant's cause of action.  *Mann v. Lewis,* 108 F.3d 145, 147 (8th Cir. 1997).  "A district court should weigh the court's need to advance its heavy docket against the consequence of irreversibly extinguishing the litigant's claim and consider whether any less-severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party."  *Id.* (reversing Rule 41(b) dismissal because dismissal with prejudice was disproportionate to the plaintiff's transgression, and dismissal *without* prejudice was more appropriate).

The record does not provide an adequate basis to conclude that Warnert's conduct is sufficiently egregious to warrant extinguishing his claims without the possibility of revival.  The record fails to demonstrate that Warnert's inaction was intentional, rather

than accidental or involuntary.  And there is no evidence that Defendants, who have not been served, have suffered any prejudice caused by Warnert's inaction.  Accordingly, the circumstances here do not warrant the extreme sanction of dismissal with prejudice.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The magistrate judge's R&R, (Dkt. 4), is **ADOPTED AS MODIFIED** as outlined herein.

2. Warnert's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 27, 2016                                    s/Wilhelmina M. Wright
                                                                           Wilhelmina M. Wright
                                                                           United States District Judge